It rests upon the intent with which the act was done, and the intent is to be proved as a fact, either by direct evidence, or as the necessary and certain consequence of other facts clearly proved." These observations are cited with approval in Morgan, Root & Co. v. Mastick [Case No. 9,803], and in Doan v. Compton [Id. 3,940], and the same principles are substantially laid down in numerous cases. Farrin v. Crawford [Id. 4,686]; Wadsworth v. Treadwell [Id. 17,032]; Langley v. Perry [Id. 8,067.] It will be perceived that, in the case at bar, all the circumstances exist, which in the above extract are supposed to furnish clear evidence of a fraudulent intent. The debtor was insolvent, and perfectly aware of his situation. His transfer to the creditor included his whole stock in trade. It at once deprived him of the means of conducting his business, and involved the necessity of an immediate stoppage. As his entire property had been seized, the effect of the payment in full to the attaching creditor, was to liberate his house and land from the attachment, and to put it in his power, unless prevented by a proceeding in bankruptcy, to declare it a homestead, and withdraw it from the reach of his creditors. This he attempted to do, and, whether successful or not, the attempt shows an intention to satisfy one creditor's demand by applying to its payment all the property of the debtor, which he intended to be appropriated to the payment of his debts. The 35th section of the act provides that if the transfer is not made in the usual and ordinary course of business of the debtor, the fact shall be prima facie evidence of fraud. The burden of proof is thus thrown upon the bankrupt to repel the presumption of fraud raised by the law. The circumstances of the case, so far from repelling, strengthen the presumption, to the exclusion of any other hypothesis. It being clear, then, that the bankrupt intended to give the preference which was the necessary consequence of the transfer, it remains to inquire whether the person receiving it had reasonable cause to believe that a fraud on the act was intended. He knew that the debtor was insolvent. He knew that he himself had attached all his property, and that the debtor had committed an act of bankruptcy by the non-payment of his commercial paper for more than fourteen days. He knew that the inevitable consequence of the transfer was to break up the business of the debtor, and that it was made in view of stopping payment. Under these circumstances he not only had reasonable cause to believe, but he must have known that the payment to him was a preference by an insolvent debtor, and was necessarily intended to be such. It was, therefore, a fraud on the bankrupt act. I am, therefore, of opinion that the payment and transfer were void, and the property transferred or its value can be recovered by the assignee for the benefit of the estate, as provided in the bankrupt act.

## Case No. 5,798.

### GREGG v. BONTZ.

[2 Cranch, C. C. 115.] [1]

Circuit Court, District of Columbia. Nov. Term, 1815.

LIMITATION OF ACTIONS—PLEADING STATUTE.

In Alexandria, D. C., the statute of limitations may be pleaded on setting aside the office judgment at the first term. Act Va. Dec. 12, 1798, § 28.

E. J. Lee, for defendant.
THRUSTON, Circuit Judge, absent.

## Case No. 5,799.

### GREGG et al. v. GIER.

[4 McLean, 208.] [2]

Circuit Court, D. Illinois. June Term, 1847.

MOTION TO AMEND PLEADINGS.

Motion by plaintiffs' counsel to increase the damages laid in the declaration. Mat. p. i. 153.

[This was a suit by Gregg and Wald against Gier.]

OPINION OF THE COURT. Under the act of congress, as well as in pursuance of the state practice, this court has always exercised a liberal discretion in giving leave to amend the pleadings. This power of the court is not limited, as by the common law, to permit amendments only where there was something in the proceedings to amend by. The motion is granted.

GREGG (GIER v.). See Case No. 5,406.

## Case No. 5,800.

### GREGG v. WESTON et al.

[7 Biss. 360; [3] 9 Chi. Leg. News, 175.]

Circuit Court, D. Indiana. Feb. 14, 1877.

PROMISSORY NOTE—JURISDICTION OF UNITED STATES COURT.

1. The statutes of Indiana make all promissory notes negotiable so far as to vest the property in each indorsee successively; but unless a note is made payable to order or bearer at a particular bank, whatever equity the maker was entitled to against the payee he may assert against any indorsee. Under such a statute the United States courts have no jurisdiction of an action by an assignee of a note not made payable at a bank, as such a note is not a "promissory note negotiable by the law merchant."
[Cited in Porter v. Janesville, 3 Fed. 619; Bank of Sherman v. Apperson, 4 Fed. 31; Hardin v. Olson, 14 Fed. 705.]

2. The statutes of a state enter into and become part of a note made in that state.

[This was a suit by Noah S. Gregg against John Weston and M. G. Schultz.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. John McLean, Circuit Justice.]
[3] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]